**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

SID CHILDRESS,

        Plaintiff,

v.                                   Case No. 1:17-cv-00079-KBM/KK

ON DECK CAPITAL, INC.,

        Defendant.

**DEFENDANT ON DECK CAPITAL, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant On Deck Capital, Inc. ("On Deck"), through undersigned counsel, answering the Complaint of Plaintiff Sid Childress, states and alleges as follows:

1.      On Deck denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.  On Deck further avers that upon information and belief, Plaintiff, who also uses the alias, "Sid Carpenter," and "his undersigned attorney" are the same individual.

2.      The allegations contained in paragraph 2 of the Complaint state legal conclusions as to which no responsive pleading is required.  To the extent a response is required, On Deck admits that it is a Delaware Corporation and its registered agent is Corporation Service Company, located at 2711 Centerville Rd # 400, Wilmington, Delaware 19808, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint and refers all questions of law to the Court.

3.      On Deck denies the allegations contained in paragraph 3 of the Complaint.

4.      The allegations contained in paragraph 4 of the Complaint state legal conclusions as to which no responsive pleading is required.  To the extent a response is required, On Deck

denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and refers all questions of law to the Court.

5.      On Deck denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.      On Deck denies the allegations contained in paragraph 6 of the Complaint.

7.      On Deck denies the allegations contained in paragraph 7 of the Complaint.

8.      On Deck denies the allegations contained in paragraph 8 of the Complaint.

9.      On Deck denies the allegations contained in paragraph 9 of the Complaint.

10.     On Deck denies the allegations contained in paragraph 10 of the Complaint.

11.     On Deck denies the allegations contained in paragraph 11 of the Complaint.

12.     On Deck denies the allegations contained in paragraph 12 of the Complaint and further avers that Plaintiff falsely attempted to secure a business loan from On Deck for "Carpenter Roofing," a non-existent company, by using a fictitious personal identity and intentionally making material misrepresentations to On Deck's representatives.

13.     On Deck denies the allegations contained in paragraph 13 of the Complaint.

14.     The allegations contained in paragraph 14 of the Complaint state legal conclusions as to which no responsive pleading is required.  To the extent a response is required, On Deck denies the allegations contained in paragraph 14 of the Complaint and refers all questions of law to the Court.  On Deck affirmatively denies any unlawful behavior on its part.

15.     The allegations contained in paragraph 15 of the Complaint state legal conclusions as to which no responsive pleading is required.  To the extent a response is required, On Deck denies the allegations contained in paragraph 15 of the Complaint and refers all questions of law to the Court.

16.     On Deck denies the allegations contained in paragraph 16 of the Complaint.

17.     On Deck denies the allegations contained in paragraph 17 of the Complaint.

18.     The allegations contained in paragraph 18 of the Complaint state legal conclusions as to which no responsive pleading is required.  To the extent a response is required, On Deck denies the allegations contained in paragraph 18 of the Complaint and refers all questions of law to the Court.

19.     On Deck denies the allegations contained in paragraph 19 of the Complaint.

20.     The allegations contained in paragraph 20 of the Complaint state legal conclusions as to which no responsive pleading is required.  To the extent a response is required, On Deck denies the allegations contained in paragraph 20 of the Complaint and refers all questions of law to the Court.  On Deck affirmatively denies any unlawful behavior on its part.

**Request for Class Certification pursuant to New Mexico Rule of Civil Procedure 1-023**

21.     The allegations contained in paragraph 21 of the Complaint state legal conclusions as to which no responsive pleading is required.  To the extent a response is required, On Deck admits that Plaintiff purports to bring this action on behalf of himself and other members of a putative class.  Except as expressly admitted, On Deck denies the allegations contained in paragraph 21 of the Complaint, denies that this case may be certified or maintained as a class action, and refers all questions of law to the Court.

22.     On Deck denies the allegations contained in paragraph 22 of the Complaint.

23.     On Deck denies the allegations contained in paragraph 23 of the Complaint.

24.     The allegations contained in paragraph 24 of the Complaint state legal conclusions as to which no responsive pleading is required.  To the extent a response is required,

On Deck denies the allegations contained in paragraph 24 of the Complaint and refers all questions of law to the Court.

26. The allegations contained in paragraph 25 of the Complaint state legal conclusions as to which no responsive pleading is required. To the extent a response is required, On Deck denies the allegations contained in paragraph 25 of the Complaint and refers all questions of law to the Court.

26. The allegations contained in paragraph 26 of the Complaint state legal conclusions as to which no responsive pleading is required. To the extent a response is required, On Deck denies the allegations contained in paragraph 26 of the Complaint and refers all questions of law to the Court.

27. The allegations contained in paragraph 27 of the Complaint state legal conclusions as to which no responsive pleading is required. To the extent a response is required, On Deck denies the allegations contained in paragraph 27 of the Complaint and refers all questions of law to the Court.

28. The allegations contained in paragraph 28 of the Complaint state legal conclusions as to which no responsive pleading is required. To the extent a response is required, On Deck denies the allegations contained in paragraph 28 of the Complaint and refers all questions of law to the Court.

29. The allegations contained in paragraph 29 of the Complaint state legal conclusions as to which no responsive pleading is required. To the extent a response is required, On Deck denies the allegations contained in paragraph 29 of the Complaint and refers all questions of law to the Court.

30. On Deck denies the allegations contained in paragraph 30 of the Complaint.

31.     The allegations contained in paragraph 31 of the Complaint state legal conclusions as to which no responsive pleading is required.  To the extent a response is required, On Deck denies the allegations contained in paragraph 31 of the Complaint and refers all questions of law to the Court.

32.     The allegations contained in paragraph 32 of the Complaint state legal conclusions as to which no responsive pleading is required.  To the extent a response is required, On Deck denies the allegations contained in paragraph 32 of the Complaint and refers all questions of law to the Court.

33.     The allegations contained in paragraph 33 of the Complaint state legal conclusions as to which no responsive pleading is required.  To the extent a response is required, On Deck denies the allegations contained in paragraph 33 of the Complaint and refers all questions of law to the Court.

34.     On Deck denies the allegations contained in paragraph 34 of the Complaint.

## **AFFIRMATIVE DEFENSES**

On Deck asserts the following Affirmative Defenses without waiving its right to put Plaintiff to his proofs and without assuming any burden of proof not otherwise imposed by law upon On Deck.  On Deck reserves the right to assert any other affirmative defenses to the extent permitted in accordance with the Federal Rules of Civil Procedure and any operative Court Order.  On Deck expressly reserves its right to amend its Answer to the Complaint and to assert any and all such affirmative defenses as permitted by law.

On Deck may have additional unique affirmative defenses applicable to different putative members of Plaintiff's proposed class.  On Deck reserves the right to assert such additional

affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver and/or ratification and because he expressly consented to any and all alleged calls made to him.

## THIRD AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred, in whole or in part, by Plaintiff's failure to join indispensable parties.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were caused by third-parties over which On Deck had no control or right of control.

## FIFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred, in whole or in part, by the doctrine of substantial compliance.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for injunctive relief is barred because Plaintiff cannot establish, among other things, that he does not have an adequate remedy at law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because, to the extent Plaintiff was damaged (which On Deck denies), he failed to mitigate such damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

On Deck is not liable to Plaintiff or members of any purported class because On Deck acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

## ELEVENTH AFFIRMATIVE DEFENSE

The Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), and its implementing regulations, as asserted by Plaintiff, violates the First Amendment of the United States Constitution because it is more restrictive than necessary to achieve its asserted purpose and has no reasonable relation to any substantial government interest sought to be advanced.

## TWELFTH AFFIRMATIVE DEFENSE

The damages sought by Plaintiff pursuant to the TCPA violate the Excessive Fines Clause of the Eighth Amendment, and the Takings Clause of the Fifth Amendment of the United States Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot maintain this action because he lacks standing to sue under Article III of the United States Constitution and 47 U.S.C. § 227 (c)(5), individually, and on behalf of the putative class.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he gave prior express consent, invitation or permission to receive the calls at issue.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because On Deck had an established business relationship with Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

Pursuant to 47 U.S.C. § 227 (c)(5), On Deck has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because any purported violations of the TCPA (which are expressly denied) were the result of error and as part of its routine business practice, On Deck meets the standards set forth in 47 C.F.R. § 64.1200(c)(i).

## EIGHTEENTH AFFIRMATIVE DEFENSE

On Deck is not liable for the acts of any third-parties who placed the calls at issue.

## NINETEENTH AFFIRMATIVE DEFENSE

On Deck did not give express or apparent authority to any third-party to violate the TCPA, nor did On Deck ratify any such actions.

## TWENTIETH AFFIRMATIVE DEFENSE

On Deck did not use an automatic telephone dialing system to make a call to Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff cannot maintain this action as a class action pursuant to Federal Rule of Civil Procedure 23 because, among other reasons: (1) the class is not so numerous that joinder of all members is impracticable; (2) the questions of law and/or fact are not common to the class; (3) the claims of the representative party are not typical of the claims of the class; and/or (4) the representative party will not fairly and adequately protect the interest of the class.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot maintain this action as a class action pursuant to Federal Rule of Civil Procedure 23 because, among other reasons: (1) individual questions of law or fact specific to each putative class member predominate over any question of fact or law common to the asserted class; and/or (2) a class action is not a superior method to adjudicating the claims set forth in the Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff cannot maintain this action as a class action pursuant to Federal Rule of Civil Procedure 23 because, among other reasons: (1) Plaintiff s proposed class definition is not sufficiently precise and determinable to identify the putative class members; and/or (2) Plaintiff s proposed class definition is overly broad, amorphous, and vague and would require highly individualized determinations or hearings to identify who are putative class members.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff fails to meet requisite standards for an award of any exemplary damages under the New Mexico Unfair Practices Act.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert a claim under the New Mexico Unfair Practices Act.

WHEREFORE, Defendant On Deck Capital, Inc. demands judgment dismissing the Amended Complaint, together with the attorneys' fees, costs and disbursements of this action.

PURSUANT TO D.N.M.LR-Civ. 83.3, the undersigned counsel for On Deck Capital, Inc. states she has associated with non-member attorneys Stephen P. McLaughlin and Steven F. Gooby in this matter.  Undersigned counsel further certifies that Stephen P. McLaughlin is a member in good standing of the Bar of the State of New York and Steven F. Gooby is a member in good standing of the Bar of the State of New Jersey.

Respectfully Submitted,

BUTT THORNTON & BAEHR PC

/s/ *Monica R. Garcia*
Monica R. Garcia
*Attorneys for Defendant*
P.O. Box 3170
Albuquerque, NM  87190
(505) 884-0777
mrgarcia@btblaw.com

ANSA ASSUNCAO, LLP

/s/ *Stephen P. McLaughlin*
Stephen P. McLaughlin
707 Westchester Ave., Suite 309
White Plains, New York 10604
(914) 298-2260
stephen.mclaughlin@ansalaw.com

ANSA ASSUNCAO, LLP

/s/ *Steven F. Gooby*
Two Tower Center Blvd., Suite 1600
East Brunswick, New Jersey 08816
(732) 993-9850
steven.gooby@ansalaw.com

TO:    Sid Childress, Esq.
        P.O. Box 2327
        Santa Fe, New Mexico 87504
        (505) 433-9823
        *Plaintiff Pro Se/Attorney for Plaintiff*

I HEREBY CERTIFY that on the 24th day of
January, 2017, I filed the foregoing electronically
through the electronic filing system, which caused the
following parties or counsel to be served by
electronic means, as more fully reflected on the
Notice of Electronic Filing:

Sid Childress
childresslaw@hotmail.com


/s/ *Monica R. Garcia*
Monica R. Garcia